IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JONIE KEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-00614-KD-M |
| | ) | |
| JAMES MOTT, *et al.*, | ) | |
|     Defendants. | ) | |

**ORDER**

This action is before the Court on the Motion to Dismiss First Amended Complaint (Doc. 29) and supporting brief (Doc. 30) filed by Defendant Town of Mount Vernon ("Mount Vernon") and the Motion to Dismiss First Amended Complaint (Doc. 31) and supporting brief (Doc. 32) filed by the Individual Defendants,[1] Plaintiff's Response (Doc. 34) in opposition, the said Defendants' Replies (Docs. 37-38) to said Response, Plaintiff's "Sur Reply" (Doc. 44), the Magistrate Judge's Report and Recommendation (Doc. 45), and the objections filed to same (Doc. 48-52).

After due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge (Doc. 45) made under 28 U.S.C. § 636(b)(1)(B) is hereby **ADOPTED in part** as the opinion of this Court. Specifically, the Court **ADOPTS as modified** the following recommendations of the Magistrate Judge (modifications underlined):

- The recommendation "that Plaintiff's § 1983 claims against Defendants Lundy, Reed, Cassidy, Jerry K. Taylor, Robinson, Driskell, Robert Taylor, Jr., Bolden, and Trotter-Dees in their official capacities be dismissed . . . " (Doc. 45 at 3 n.1).

- Recommendations that the two Motions to Dismiss (Docs. 29-32) be granted as to any

---

[1] The phrase "Individual Defendants" as used in this Order refers to all individual Defendants other than Defendant James Mott, who has not filed a Motion to Dismiss; no part of this Order shall be construed as dismissing any claim against Mott.

claim raised with regard to violations of the First, Fourth, Fifth, and Fourteenth Amendments.   (Doc. 45 at 9-10, 12).

- The recommendation "that the Motion to Dismiss (Docs. 31-32) by the Individual Defendants[] be granted as to claims three, four, five, six,[] seven, and eight as raised against these Defendants in their individual capacities in violation of the Eighth Amendment except as to Defendants Steve A. Reed, Jerry K. Taylor, Joe Cassidy, and Jerry C. Lundy."   (Doc. 45 at 16-17).   The Court does not adopt the statement that Plaintiff "has not demonstrated any causal connection" between James Mott's alleged prior conduct and the alleged conduct underlying this case.   Rather, the Court finds that Plaintiff has failed to allege conduct by individual council members in their individual capacities that could plausibly be connected to the constitutional violation alleged.

- The recommendations "that the Motion to Dismiss count six of the Amended Complaint be granted as it relates to Individual Defendant Lundy and all other Individual Defendants" and "that Defendant Mount Vernon's Motion to Dismiss (Docs. 29-30) count six of Plaintiff's Amended Complaint be granted."   (Doc. 45 at 25-26)

- The recommendation "that Defendant Mount Vernon's Motion to Dismiss (Doc. 29-30) and the Individual Defendants' Motion to Dismiss be granted as to count seven of Plaintiff's Amended Complaint."   (Doc. 45 at 27).

- The recommendation "that Defendant Mount Vernon's Motion to Dismiss (Docs. 29-30) and the Individual Defendants' Motion to Dismiss count eight of Plaintiff's Amended Complaint be granted."   (Doc. 45 at 28).

- The recommendation "that the two Motions to Dismiss Key's claim of assault against all of the Defendants, except Mott, be granted (Docs. 29-32)." (Doc. 45 at 30).

- The recommendation "that the two Motions to Dismiss (Docs. 29-32) be granted as to Plaintiff's claim under Ala. Code § 14-11-31."  (Doc. 45 at 34).   However, the Court's adoption of this recommendation is based on the determination that there is no persuasive authority to support Plaintiff's theory that Ala. Code § 14-11-31 creates a cause of action.
- The recommendation "that Defendant Mount Vernon's Motion to Dismiss be granted as to Plaintiff's claim for punitive damages against Mount Vernon."  (Doc. 45 at 36).

The Court does **NOT ADOPT** any other recommendation not expressly mentioned above.

The Individual Defendants have also argued entitlement to qualified immunity on all claims brought against them in their individual capacities.  The Magistrate's Report and Recommendation found an analysis of qualified immunity to be unnecessary in light of the Magistrate's determination that Plaintiff had failed to successfully state any claim against the Individual Defendants in their individual capacities.  (Doc. 45 at 35).  However, at this stage of the proceedings, the Court finds that Plaintiff has stated a constitutional claim against Defendants Steve A. Reed, Jerry K. Taylor, Joe Cassidy, and Jerry C. Lundy.  The issue of whether these alleged constitutional violations, if proven, are firmly established will be considered at the summary judgment stage, if presented.  As such, the Individual Defendants' Motion to Dismiss (Doc. 31) is **DENIED** as to qualified immunity for Defendants Reed, Jerry Taylor, Cassidy, and Lundy with regard to violations of the Eighth Amendment alleged in counts three (3), four (4), and five (5) of Plaintiff's First Amended Complaint.

Accordingly, it is **ORDERED** that Defendant Mount Vernon's Motion to Dismiss (Docs. 29) is **DENIED** as to claims involving violations of the Eighth Amendment as alleged in counts three (3), four (4), and five (5) of Plaintiff's First Amended Complaint and **GRANTED** as to all

other claims and Plaintiff's demand for punitive damages, and that the Motion to Dismiss filed by the Individual Defendants (Doc. 31) is **DENIED** as to claims against Defendants Steve A. Reed, Jerry K. Taylor, Joe Cassidy, and Jerry C. Lundy in their individual capacities involving violations of the Eighth Amendment as alleged in counts three (3), four (4), and five (5) of Plaintiff's First Amended Complaint and **GRANTED** as to all other claims.

**DONE** and **ORDERED** this the **26**[th] day of **April 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**