IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JONIE KEY,                              :
                                        :
     Plaintiff,                         :
                                        :
vs.                                     :
                                        :        CIVIL ACTION 12-0614-KD-M
JAMES MOTT, *et al.*,                   :
                                        :
     Defendants.                        :

REPORT AND RECOMMENDATION

The Motion to Dismiss Plaintiff's Third Amended Complaint

filed by Defendants Lundy, Reed, Cassidy, and Taylor (referred

to herein collectively as *Defendants*) has been referred for

report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and

Local Rule 72.2.  Jurisdiction was invoked under 28 U.S.C. §§

1331 and 1367, pursuant to 42 U.S.C. § 1983.  After

consideration, it is recommended that Defendants' Motion to

Dismiss (Docs. 116-17) be granted.

In a Report and Recommendation entered on April 4, 2013,

the undersigned set out the following:

> The facts are, briefly, as follows.  On
> September 29, 2010 Plaintiff Jonie Key was
> in custody in the Jail of Defendant Town of
> Mount Vernon (hereinafter *Mount Vernon* or
> *Town*) (Doc. 26, ¶¶ 1, 46).  Defendant James
> Mott, a Mount Vernon police officer, was on
> duty at the jail that day when Plaintiff

1

asked to use the jail phone (*id.* at ¶¶ 2, 4, 47-48).  Mott took Key to the small room where the inmate phone was located and had sexual intercourse with her; he then took Plaintiff back to her cell and left the jail (*id.* at ¶¶ 50, 52-53, 56).  On July 9, 2012, Mott pled guilty to custodial sexual misconduct, a Class C felony under Ala. Code § 14-11-31 (*id.* at ¶ 59).

On September 25, 2012, Plaintiff brought this action, asserting eight claims against Mott, Mount Vernon, and multiple other Defendants[1] (Doc. 1).  On December 12, Key filed her First Amended Complaint, asserting the following claims against all Defendants:  (1) assault (Doc. 26, ¶¶ 65-67); (2) violation of the custodial sexual misconduct statute (*id.* at ¶¶ 68-70); (3) violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution (*id.* at ¶¶ 71-73); (4) violation of constitutional rights due to custom, policy, or practice in the hiring of Mott (*id.* at ¶¶ 74-77); (5) violation of constitutional rights due to custom, policy, or practice in the training and/or supervision of Mott (*id.* at ¶¶ 78-81); (6) violation of constitutional rights due to sexual harassment and/or improper sexual conduct (*id.* at ¶¶ 82-85); (7) violation of constitutional rights due to custom, policy or practice in having no gender restrictions in the supervision of inmates (*id.* at ¶¶ 86-89); and (8) violation of constitutional rights due to custom, policy, or practice in the policy of

---

[1]The Defendants were identified as Mott, the Town of Mount Vernon, Mount Vernon Mayor Jerry C. Lundy, Mount Vernon Chief of Police Steve A. Reed, Mount Vernon Acting Chief of Police Joe Cassidy, Mount Vernon Director of Public Safety Jerry K. Taylor, and Mount Vernon Council Members Johnnie Robinson, Cecil Earl Driskell, Robert Taylor, Jr., Jeffery Bolden, Jr. and Verdell Trotter-Dees (Doc. 45, p. 2 n.1).

> violating citizens'/inmates' constitutional
> rights (*id.* at ¶¶ 90-93).  Key seeks
> compensatory and punitive damages for her
> injuries as well as attorneys' fees and
> costs (Doc. 26).
>       On December 27, Mount Vernon filed a
> Motion to Dismiss the First Amended
> Complaint (Docs. 29-30); on that same date,
> a Motion to Dismiss the First Amended
> Complaint was collectively filed by all of
> the individual Defendants except for Mott
> (Docs. 31-32).

(Doc. 45, pp. 1-4) (footnotes omitted).

That Report recommended that the two Motions to Dismiss

(Docs. 29-32) be granted (Doc. 45, p. 1).  There was a further

recommendation "that Plaintiff's § 1983 claims against

Defendants Lundy, Reed, Cassidy, Jerry K. Taylor, Robinson,

Driskell, Robert Taylor, Jr., Bolden, and Trotter-Dees in their

official [and individual] capacities be dismissed" (Doc. 45, p.

3, n.1; *id.* at pp. 16-17, 25-26).  Finally, it was recommended

that all Defendants, except for Defendant Mott, be dismissed

from the action and that the punitive damages claim against the

Town of Mount Vernon be dismissed (Doc. 45, pp. 36-37).

On April 30, 2013, United States District Judge DuBose

entered an Order, adopting the Report and Recommendation in part

and rejecting it in part (Doc. 55).  Specifically, Dubose

> **ORDERED** that Defendant Mount Vernon's Motion
> to Dismiss (Docs. 29) [be] **DENIED** as to
> claims involving violations of the Eighth

> Amendment as alleged in counts three (3),
> four (4), and five (5) of Plaintiff's First
> Amended Complaint and **GRANTED** as to all
> other claims and Plaintiff's demand for
> punitive damages, and that the Motion to
> Dismiss filed by the Individual Defendants
> (Doc. 31) [be] **DENIED** as to claims against
> Defendants Steve A. Reed, Jerry K. Taylor,
> Joe Cassidy, and Jerry C. Lundy in their
> individual capacities involving violations
> of the Eighth Amendment as alleged in counts
> three (3), four (4), and five (5) of
> Plaintiff's First Amended Complaint and
> **GRANTED** as to all other claims.

(Doc. 55, pp. 3-4).

Defendants Cassady, Lundy, Reed, and Taylor filed an Interlocutory Appeal, asserting that this Court had improperly denied their Motion to Dismiss the § 1983 claims on the grounds of qualified immunity (Doc. 62). On May 7, 2014, the Eleventh Circuit Court of Appeals remanded the action to this Court so that Key could "amend her complaint in light of [its] recent decision in *Franklin v. Curry*, 738 F.3d 1246 (11ᵗʰ Cir. 2013)" (Doc. 103, p. 2).

On August 15, 2014, Plaintiff filed her Third Amended Complaint in which she raised the following claims: violation of Key's constitutional rights pursuant to 42 U.S.C. § 1983 (count two); violation of Key's constitutional rights due to custom policy or practice: hiring of Mott (count three); and violation of Key's constitutional rights due to custom policy or

practice:  training and/or supervision of Mott (count four)

(Doc. 112).[2]  The Defendants filed this Motion to Dismiss (Docs.

116-17).  Plaintiff has filed a Response (Doc. 123) to which a

Reply has been made (Doc. 124).

Though set out previously, the Court notes that

> "[w]hen considering a motion to dismiss, all
> facts set forth in the plaintiff's complaint
> 'are to be accepted as true and the court
> limits its consideration to the pleadings
> and exhibits attached thereto.'" *Grossman
> v. Nationsbank, N.A.*, 225 F.3d 1228, 1231
> (11th Cir. 2000) (quoting *GSW, Inc. v. Long
> County*, 999 F.2d 1508, 1510 (11th Cir.
> 1993)).  In order to state a claim for
> relief, the Federal Rules of Civil Procedure
> state that a pleading must contain "a short
> and plain statement of the claim showing
> that the pleader is entitled to relief."
> Fed.R.Civ.P. 8(a)(2).  The U.S. Supreme
> Court explained that the purpose of the rule
> was to "give the defendant fair notice of
> what the plaintiff's claim is and the
> grounds upon which it rests." *Conley v.
> Gibson*, 355 U.S. 41, 47 (1957).[3]  While

---

[2]The first count is an assault claim against Mott only and is of
no relevance here (*see* Doc. 112, ¶¶ 79-81); count five seeks
declaratory and injunctive relief (Doc. 112, ¶¶ 93-95).
    Counts two, three, and four are also brought against Defendants
Mott and the Town of Mount Vernon; however, the Court's analysis will
extend only to Defendants Cassady, Lundy, Reed, and Taylor.
    [3]*Conley* also stated that "a complaint should not be dismissed for
failure to state a claim unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim which
would entitle him to relief." *Conley*, 355 U.S. at 45-46.  The U.S.
Supreme Court has done away with this standard in *Bell Atlantic
Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007).  The Court,
nevertheless, finds *Conley*'s statement regarding the purpose of Rule
(Continued)

factual allegations do not have to be
detailed, they must contain more than
"labels and conclusions;" "a formulaic
recitation of the elements of a cause will
not do." *Bell Atlantic Corporation v.
Twombley*, 550 U.S. 544, 555 (2007) (citing
*Papasan v. Allain*, 478 U.S. 265, 286
(1986)). "Factual allegations must be
enough to raise a right to relief above the
speculative level." *Id.* (citations
omitted). "Facts that are 'merely
consistent with' the plaintiff's legal
theory will not suffice when, 'without some
further factual enhancement [they] stop
short of the line between possibility and
plausibility of "entitle[ment] to relief."'"
*Weissman v. National Association of
Securities Dealers, Inc.*, 500 F.3d 1293,
1310 (11th Cir. 2007) (quoting *Twombley*, 550
U.S. 557) (quoting *DM Research, Inc. v.
College of American Pathologists*, 170 F.3d
53, 56 (1st Cir. 1999)). "Only a complaint
that states a plausible claim for relief
survives a motion to dismiss." *Ashcroft v.
Iqbal*, 556 U.S. 662, 679 (2009) (citing
*Twombley*, 550 U.S. at 556). "Where the
well-pleaded facts do not permit the court
to infer more than the mere possibility of
conduct, the complaint has alleged—but it
has not 'show[n]'—'that the pleader is
entitled to relief.'" *Iqbal*, 556 U.S. at
679 (quoting Fed.R.Civ.P. 8(a)(2)). As
noted by the Supreme Court, Plaintiffs must
"nudge[] their claims across the line from
conceivable to plausible[; otherwise,] their
complaint must be dismissed." *Twombly*, 550
U.S. at 570. It is noted, however, that a
complaint may be dismissed, under Federal

---

8(a)(2) to be useful here in deciphering the analysis necessary for
evaluating Plaintiff's claims.

Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law." *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

(Doc. 45, pp. 4-7).

The Court will now address the viability of the claims raised pursuant to section 1983 which states the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. There are two essential elements that must be explored in examining a § 1983 claim: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

As found previously, all claims are brought against all Defendants, all acting under the color of state law, so the first prong of Parratt has been satisfied (*see* Doc. 45, p. 8;

*cf.* Doc. 55). The Court will need to analyze the specific

claims separately to determine if Plaintiff has demonstrated any

violations of constitutional dimension.

Key has claimed that Defendant's failure to protect her

from Mott's nonconsensual intercourse with her was a violation

of the Eighth Amendment (Doc. 112, ¶¶ 82-84). The Eighth

Amendment states the following: "Excessive bail shall not be

required, nor excessive fines imposed, nor cruel and unusual

punishments inflicted." U.S. Const. amend. VIII. The Court

notes that "'deliberate indifference' to a substantial risk of

serious harm to an inmate violates the Eighth Amendment."

*Farmer v. Brennan*, 511 U.S. 825, 828 (U.S. 1994). Key asserts

that Defendants are liable because they were in supervisory

positions over Mott.

The Eleventh Circuit Court of Appeals, in the appellate

opinion in this case, stated the following:

> To establish supervisory liability
> under § 1983 for a constitutional violation,
> as Key attempts to do here, she must allege
> that the supervisor-defendant "personally
> participated in the alleged unconstitutional
> conduct or that there is a causal connection
> between the actions of a supervising
> official and the alleged constitutional
> deprivation." *Franklin*, 738 F.3d at 1249
> (emphasis added). A causal connection can
> be established in a variety of
> circumstances, including where the
> supervisor's policy or custom resulted in

deliberate indifference. *See Cottone v.
Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).
Deliberate indifference requires the
plaintiff allege subjective knowledge of a
risk of serious harm and disregard of that
risk by conduct that is more than gross
negligence. *Franklin*, 738 F.3d at 1250. In
order to prevail on the merits in a § 1983
action against a defendant in his individual
capacity, the plaintiff generally must show
that the defendant was personally involved
in specific acts or omissions that resulted
in the constitutional deprivation. *See,
e.g., Harper v. Lawrence Cnty., Ala.*, 592
F.3d 1227, 1236-37 (11th Cir. 2010); *see also
Franklin*, 738 F.3d at 1251 n.5 (noting that
"[m]eeting these requirements without any
individualized allegations other than
Appellants' names and titles is unlikely").

(Doc. 103, pp. 4-5).

The Court notes that Plaintiff, in the Third Amended
Complaint, alleges the following specific facts against these
Defendants. First, the Defendants are identified by their
positions: Lundy (Doc. 112, ¶¶ 6-8); Reed (*id.* at ¶¶ 9-11);
Cassidy (*id.* at ¶¶ 12-14); and Taylor (*id.* at ¶¶ 15-17).
Second, Mott had nonconsensual intercourse with Key (*id.* at ¶¶
60-64, 66).

The Court finds that these facts fail to demonstrate that
the Defendants were personally involved in the asserted
unconstitutional conduct, Mott's non-consensual intercourse with
Key. It is further noted that although Plaintiff has made other
specific statements about Defendants Taylor and Lundy, the Court

finds that they also fail to show those Defendants' personal

involvement in Mott's behavior.[4]

However, as noted by the Appellate Court, Key can also

establish supervisory liability by showing "'a causal connection

between the actions of a supervising official and the alleged

constitutional deprivation'" (Doc. 103, p. 4) (*quoting Franklin*,

738 F.3d at 1249).  This connection can be established by

showing that the supervisors were deliberately indifferent as

demonstrated by their custom or policy (Doc. 103, p. 4).

In Count Three of the Third Amended Complaint, Plaintiff

asserted that the Defendants violated her constitutional rights

through their custom, policy, or practice in the hiring of Mott

(Doc. 112, ¶¶ 85-88).  For the convenience of the reader, the

Court will set out the language of that Count:

---

[4]Key asserts that Taylor, formerly the Creola Chief of Police,
was instrumental in attempting to clear Mott's prior bad employment
history by writing a letter to the Mobile County Personnel Board
stating that Mott had resigned his Creola law enforcement position in
good standing (Doc. 112, ¶¶ 25, 29-31).  Further statements by Key,
however, suggest that Taylor did not author the letter, though his
name did appear on the letterhead as the Chief of Police (*id.* at 32-
35).  The undersigned finds that these statements do not demonstrate
Taylor's knowledge of Mott's past bad behavior; they also fail to
demonstrate Defendant's failure to protect Key.
    Key also asserts that Lundy engaged in sexual harassment,
resulting in an action in this Court against him (Doc. 112, ¶¶ 51-53).
While this may be true, it does not demonstrate that Lundy did
anything—either overtly or covertly—that indicates a failure to
protect Plaintiff from Mott.

85) Key adopts and incorporates all preceding allegations and paragraphs as if set forth herein.

86) The assault of Key occurred pursuant to the custom, policy or practice of the Town of Mount Vernon and the Individual Defendants as set forth in paragraphs 19, 20 and 24.

87) Said custom, policy, or practice was the moving force behind the assault of Key.

88) Key brings this claim against Town of Mount Vernon and all other defendants pursuant to 42 U.S.C. § 1983 based on the constitutional violations suffered by her pursuant to the custom policy and/or practice as set forth in paragraphs 19, 20 and 24.

(Doc. 112). The particular paragraphs referenced state as follows:

19) The Defendants, jointly and severally, together and individual, implemented and participated in polices, [sic] customs, and practices pertaining to the hiring of incompetent officers an/or officers having a substantial risk of harm to and high likelihood of violating the constitutional rights of those they encounter, including but not limited to, those in their custody.

20) Specifically, Mount Vernon and the Individual Defendants engaged in a policy, custom, or practice of hiring officers with defiant records evidencing a history of problems/issues including but not limited to histories of allegations of illegal conduct, sexually inappropriate conduct (sexual harassment), disciplinary problems, among other matters.

***

      24) James Mott was hired pursuant to a policy, custom or practice wherein the Town of Mount Vernon and the Individual Defendants performed no investigation, or no meaningful investigation, into the background of police officers before hiring them on as full time police officers; alternatively, Mott was hired pursuant to a policy or custom or practice as stated *supra* wherein individuals, including but not limited to Mott, who were known to be incompetent to perform the position and duties of a police officer and posed a risk of danger and harm to those they encountered, and were likely to violate the constitutional rights of those they encountered in the course of their duties were hired on in spite of the known incompetency.

(Doc. 112).

    The Court has carefully reviewed the assertions made and finds that Key has failed to show Defendants' deliberate indifference. Plaintiff repeatedly states that it was Mount Vernon's and the individual Defendants' policy or custom or practice of poor hiring that led to Mott's assault against her; Key asserts that Defendants hired officers without any investigation, officers with a history of problems, and officers who were incompetent. Key points to no policy, custom, or practice at all. Likewise, she fails to show how the Defendants individually were responsible for these practices. As such, the Court finds that the allegations are conclusory and should be

12

accorded no assumption of truth.  *See Randall v. Scott*, 610 F.3d

701, 709-10 (11th Cir. 2010) ("A district court considering a

motion to dismiss shall begin by identifying conclusory

allegations that are not entitled to an assumption of truth—

legal conclusions must be supported by factual allegations").

In Count Four of the Third Amended Complaint, Plaintiff

asserts that the Defendants violated her constitutional rights

through their custom, policy, or practice in the training and/or

supervision of Mott (Doc. 112, ¶¶ 89-92).  For the convenience

of the reader, the Court will set out the language of that

Count:

> 89) Key adopts and incorporates all
> preceding allegations and paragraphs as if
> set forth herein.
> 90) The assault of Key occurred
> pursuant to the custom, policy or practice
> of the Town of Mount Vernon and the
> Individual Defendants as set forth in
> paragraphs 44 through 49 inclusive.
> 91) Said custom, policy, or practice
> was the moving force behind the assault of
> Key.
> 92) Key brings this claim against Town
> of Mount Vernon and all other defendants
> pursuant to 42 U.S.C. § 1983 based on the
> constitutional violations suffered by her
> pursuant to the custom policy and/or
> practice as set forth in paragraphs 44
> through 49 inclusive.

(Doc. 112).  The particular paragraphs referenced state as

follows:

44) All of this was in furtherance and pursuant to the policy and procedure of Mt. Vernon and the Individual Defendants to hire and the subsequent failure to train known incompetent who posed a risk of serious harm to those he encountered as referenced, *infra* and *supra*.

45) Once hired on at the Town of Mount Vernon as a police officer, Mott received no training, despite his known incompetency.

46) Once hired on at the Town of Mount Vernon as a police officer, Mott was not supervised by his superiors despite his known incompetency in general and with prisoners specifically.

47) For instance, in addition to the history referred *supra*, Mott was believed by Defendants to be regularly engaging in intercourse with individuals, and drinking alcohol in his patrol car while on duty.

48) Despite these suspicions, Defendants did not correct or confront Mott.

49) No one attempted to correct or retrain or have Mott supervised despite this knowledge.

(Doc. 112).

The undersigned finds that Key has failed to show Defendants' deliberate indifference in the training or supervision of Mott. Though Plaintiff repeatedly refers to Mott's incompetence, she has failed to show that the Defendants, individually, knew of it; likewise, Key has not shown a causal connection between the asserted lack of training/supervision and Mott's assault on her.

In reaching these determinations with regard to these three

claims, the Court is mindful of Plaintiff's repeated assertions that the Defendants had "actual knowledge" of Mott's past behavior and incompetence; however, there has been no showing of it.  Key has to do more than allege knowledge; there has to be a connection made between the Defendants' knowledge, once demonstrated, and the asserted unconstitutional behavior.  As noted by the Eleventh Circuit Court of Appeals in this action, "the plaintiff generally must show that the defendant was personally involved in specific acts or omissions that resulted in the constitutional deprivation" (Doc. 103, p. 5).  Plaintiff has failed to do this.

In summary, Key has failed to demonstrate a constitutional violation against these Defendants.  As such, it is recommended that Defendants' Motion to Dismiss (Doc. 116-17) be granted and that the claims against them be dismissed.

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 3rd day of December, 2014.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE