**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JONIE KEY,** | **)** | |
| **Plaintiff,** | **)** | |
| **v.** | **)** | **CIVIL ACTION NO. 12-0614-KD-M** |
| **JAMES MOTT, *et al*,** | **)** | |
| **Defendants.** | **)** | |

<u>ORDER</u>

This matter is before the court on Defendants Lundy, Reed, Cassidy, and Taylor (referred to herein collectively as Defendants) Motion to Dismiss Plaintiff's Third Amended Complaint and the Magistrate Judge's Report and Recommendation of the same. The court adopts the Report and Recommendation as revised below:

In a Report and Recommendation entered on April 4, 2013, the Magistrate Judge set out the following:

> The facts are, briefly, as follows. On September 29, 2010 Plaintiff Jonie Key was in custody in the Jail of Defendant Town of Mount Vernon (hereinafter Mount Vernon or Town) (Doc. 26, ¶¶ 1, 46). Defendant James Mott, a Mount Vernon police officer, was on duty at the jail that day when Plaintiff asked to use the jail phone (id. at ¶¶ 2, 4, 47-48). Mott took Key to the small room where the inmate phone was located and had sexual intercourse with her; he then took Plaintiff back to her cell and left the jail (id. at ¶¶ 50, 52-53, 56). On July 9, 2012, Mott pled guilty to custodial sexual misconduct, a Class C felony under Ala. Code § 14-11-31 (id. at ¶ 59).
>
> On September 25, 2012, Plaintiff brought this action, asserting eight claims against Mott, Mount Vernon, and multiple other Defendants[1] (Doc. 1). On

---

[1] The Defendants were identified as Mott, the Town of Mount Vernon, Mount Vernon Mayor Jerry C. Lundy, Mount Vernon Chief of Police Steve A. Reed, Mount Vernon Acting Chief of Police Joe Cassidy, Mount Vernon Director of Public Safety Jerry K. Taylor, and Mount Vernon Council Members Johnnie Robinson, Cecil Earl Driskell, Robert Taylor, Jr., Jeffery (Continued)

December 12, Key filed her First Amended Complaint, asserting the following claims against all Defendants: (1) assault (Doc. 26, ¶¶ 65-67); (2) violation of the custodial sexual misconduct statute (id. at ¶¶ 68-70); (3) violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution (id. at ¶¶ 71-73); (4) violation of constitutional rights due to custom, policy, or practice in the hiring of Mott (id. at ¶¶ 74-77); (5) violation of constitutional rights due to custom, policy, or practice in the training and/or supervision of Mott (id. at ¶¶ 78-81); (6) violation of constitutional rights due to sexual harassment and/or improper sexual conduct (id. at ¶¶ 82-85); (7) violation of constitutional rights due to custom, policy or practice in having no gender restrictions in the supervision of inmates (id. at ¶¶ 86-89); and (8) violation of constitutional rights due to custom, policy, or practice in the policy of violating citizens'/inmates' constitutional rights (id. at ¶¶ 90-93). Key seeks compensatory and punitive damages for her injuries as well as attorneys' fees and costs (Doc. 26).

On December 27, Mount Vernon filed a Motion to Dismiss the First Amended Complaint (Docs. 29-30); on that same date, a Motion to Dismiss the First Amended Complaint was collectively filed by all of the individual Defendants except for Mott (Docs. 31-32).

(Doc. 45, pp. 1-4) (footnotes omitted).

That Report recommended that the two Motions to Dismiss (Docs. 29-32) be granted (Doc. 45, p. 1). There was a further recommendation "that Plaintiff's § 1983 claims against Defendants Lundy, Reed, Cassidy, Jerry K. Taylor, Robinson, Driskell, Robert Taylor, Jr., Bolden, and Trotter-Dees in their official [and individual] capacities be dismissed" (Doc. 45, p. 3, n.1; id. at pp. 16-17, 25-26). Finally, it was recommended that all Defendants, except for Defendant Mott, be dismissed from the action and that the punitive damages claim against the Town of Mount Vernon be dismissed (Doc. 45, pp. 36-37).

On April 30, 2013, the undersigned entered an Order, adopting the Report and Recommendation in part and rejecting it in part (Doc. 55). Specifically, the order stated:

ORDERED that Defendant Mount Vernon's Motion to Dismiss (Docs. 29) [be]

_____

Bolden, Jr. and Verdell Trotter-Dees (Doc.45, p.2, n.1).

2

> DENIED as to claims involving violations of the Eight Amendment as alleged in counts three (3), four (4), and five (5) of Plaintiff's First Amended Complaint and GRANTED as to all other claims and Plaintiff's demand for punitive damages, and that the Motion to Dismiss filed by the Individual Defendants (Doc. 31) [be] DENIED as to claims against Defendants Steve A. Reed, Jerry K. Taylor, Joe Cassidy, and Jerry C. Lundy in their individual capacities involving violations of the Eighth Amendment as alleged in counts three (3), four (4), and five (5) of Plaintiff's First Amended Complaint and GRANTED as to all other claims.

(Doc. 55, pp. 3-4)

Defendants Cassady, Lundy, Reed, and Taylor filed an Interlocutory Appeal, asserting that this Court had improperly denied their Motion to Dismiss the § 1983 claims on the grounds of qualified immunity (Doc. 62). On May 7, 2014, the Eleventh Circuit Court of Appeals remanded the action to this Court so that Key could "amend her complaint in light of [its] recent decision in *Franklin v. Curry*, 738 F.3d 1246 (11thCir. 2013)" (Doc. 103, p. 2).

On August 15, 2014, Plaintiff filed her Third Amended Complaint in which she raised the following claims: violation of Key's constitutional rights pursuant to 42 U.S.C. § 1983 (count two); violation of Key's constitutional rights due to custom policy or practice: hiring of Mott (count three); and violation of Key's constitutional rights due to custom policy or practice: training and/or supervision of Mott (count four) (Doc. 112).[2]  The Defendants filed this Motion to Dismiss (Docs. 116-17). Plaintiff has filed a Response (Doc. 123) to which a Reply has been made (Doc. 124).

Though set out previously, the Court notes that

> "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the

---

[2]  The first count is an assault claim against Mott only and is of no relevance here (see Doc. 112, ¶¶ 79-81); count five seeks declaratory and injunctive relief (Doc. 112, ¶¶ 93-95). Counts two, three, and four are also brought against Defendants Mott and the Town of Mount Vernon; however, the Court's analysis will extend only to Defendants Cassady, Lundy, Reed, and Taylor.

pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[3]   While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v. National Association of Securities Dealers, Inc*., 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombley*, 550 U.S. at 556). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed." *Twombly*, 550 U.S. at 570. It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law." *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11thCir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), cert. denied, 502 U.S. 810 (1991).

(Doc. 45, pp. 4-7).

The Court will now address the viability of the claims raised pursuant to section 1983

---

[3] *Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S.at 45-46. The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007).The Court, nevertheless, finds Conley's statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

which states the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. There are two essential elements that must be explored in examining a § 1983 claim: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

As found previously, all claims are brought against all Defendants, all acting under the color of state law, so the first prong of *Parratt* has been satisfied (see Doc. 45, p. 8; *cf.* Doc. 55). The Court will need to analyze the specific claims separately to determine if Plaintiff has demonstrated any violations of constitutional dimension.

Key has claimed that Defendants' failure to protect her from Mott's nonconsensual intercourse with her was a violation of the Eighth Amendment (Doc. 112, ¶¶ 82-84). The Eighth Amendment states the following: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.  The Court notes that "'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (U.S. 1994).  Key asserts that Defendants are liable because they were in supervisory positions over Mott.

The Eleventh Circuit Court of Appeals, in the appellate opinion in this case, stated the following:

> To establish supervisory liability under § 1983 for a constitutional violation, as Key attempts to do here, she must allege that the supervisor-defendant "personally

participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Franklin*, 738 F.3d at 1249 (emphasis added). A causal connection can be established in a variety of circumstances, including where the supervisor's policy or custom resulted in deliberate indifference. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Deliberate indifference requires the plaintiff allege subjective knowledge of a risk of serious harm and disregard of that risk by conduct that is more than gross negligence. *Franklin*, 738 F.3d at 1250. In order to prevail on the merits in a § 1983 action against a defendant in his individual capacity, the plaintiff generally must show that the defendant was personally involved in specific acts or omissions that resulted in the constitutional deprivation. *See, e.g., Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1236-37 (11th Cir. 2010); *see also Franklin*, 738 F.3d at 1251 n.5 (noting that "[m]eeting these requirements without any individualized allegations other than Appellants' names and titles is unlikely").

(Doc. 103, pp. 4-5).

The Court notes that Plaintiff, in the Third Amended Complaint, alleges the following specific facts against these Defendants. First, the Defendants are identified by their positions: Lundy (Doc. 112, ¶¶ 6-8); Reed (*id*. at ¶¶ 9-11); Cassidy (*id*. at ¶¶ 12-14); and Taylor (*id*. at ¶¶ 15-17). Second, Mott had nonconsensual intercourse with Key (*id*. at ¶¶ 60-64, 66).

The Court finds that these facts fail to demonstrate that the Defendants were personally involved in the asserted unconstitutional conduct, Mott's non-consensual intercourse with Key. It is further noted that although Plaintiff has made other specific statements about Defendants Taylor and Lundy, the Court finds that they also fail to show those Defendants' personal involvement in Mott's behavior.[4] Thus, Count Two against the individual defendants, with the

---

[4] Key asserts that Taylor, formerly the Creola Chief of Police, was instrumental in attempting to clear Mott's prior bad employment history by writing a letter to the Mobile County Personnel Board stating that Mott had resigned his Creola law enforcement position in good standing (Doc.112, ¶¶ 25, 29-31). Further statements by Key, however, suggest that Taylor did not author the letter, though his name did appear on the letterhead as the Chief of Police (*id*.at32-35). The undersigned finds that these statements do not demonstrate Taylor's knowledge of Mott's past bad behavior; they also fail to demonstrate Taylor's failure to protect Key.

(Continued)

exception of Mott, is due to be dismissed.

However, Key can establish supervisory liability by showing "'a causal connection between the actions of a supervising official and the alleged constitutional deprivation'" (Doc. 103, p. 4) (quoting *Franklin,* 738 F.3d at 1249). This connection can be established by showing that the supervisors were deliberately indifferent as demonstrated by their custom or policy (Doc. 103, p. 4). This appears to be the basis of Key's contentions in Counts Three and Four. To succeed, Key must allege and support with factual allegations that: 1) each individual defendant had actual knowledge of a risk of serious harm due to the alleged custom or policy; 2) each individual defendant disregarded that risk; and 3) each individual's disregard constituted more than gross negligence.

In Count Three of the Third Amended Complaint, Plaintiff asserted that the Defendants violated her constitutional rights through their custom, policy, or practice in the hiring of Mott (Doc. 112, ¶¶ 85-88). For the convenience of the reader, the Court will set out the language of that Count:

> 85) Key adopts and incorporates all preceding allegations and paragraphs as if set forth herein.
>
> 86) The assault of Key occurred pursuant to the custom, policy or practice of the Town of Mount Vernon and the Individual Defendants as set forth in paragraphs 19, 20 and 24.
>
> 87) Said custom, policy, or practice was the moving force behind the assault of Key.
>
> 88) Key brings this claim against Town of Mount Vernon and all other

---

Key also asserts that Lundy engaged in sexual harassment, resulting in an action in this Court against him (Doc.112, ¶¶ 51-53). While this may be true, it does not demonstrate that Lundy did anything—either overtly or covertly—that indicates a failure to protect Plaintiff from Mott.

defendants pursuant to 42 U.S.C. § 1983 based on the constitutional violations
suffered by her pursuant to the custom policy and/or practice as set forth in
paragraphs 19, 20 and 24.

(Doc. 112). The particular paragraphs referenced state as follows:

> 19) The Defendants, jointly and severally, together and individual,
> implemented and participated in polices, [sic] customs, and practices pertaining to
> the hiring of incompetent officers an/or officers having a substantial risk of harm
> to and high likelihood of violating the constitutional rights of those they
> encounter, including but not limited to, those in their custody.

> 20) Specifically, Mount Vernon and the Individual Defendants engaged in
> a policy, custom, or practice of hiring officers with defiant records evidencing a
> history of problems/issues including but not limited to histories of allegations of
> illegal conduct, sexually inappropriate conduct (sexual harassment), disciplinary
> problems, among other matters.

> . . .

> 24) James Mott was hired pursuant to a policy, custom or practice
> wherein the Town of Mount Vernon and the Individual Defendants performed no
> investigation, or no meaningful investigation, into the background of police
> officers before hiring them on as full time police officers; alternatively, Mott was
> hired pursuant to a policy or custom or practice as stated supra wherein
> individuals, including but not limited to Mott, who were known to be
> incompetent to perform the position and duties of a police officer and posed a
> risk of danger and harm to those they encountered, and were likely to violate the
> constitutional rights of those they encountered in the course of their duties were
> hired on in spite of the known incompetency.

(Doc. 112).

The Court has carefully reviewed the assertions made and finds that Key has

failed to allege sufficient fact to support the allegation of Defendants' deliberate

indifference. Plaintiff generally states that it was the individual Defendants' policy or

custom or practice of poor hiring that led to Mott's assault against her; Key asserts that

Defendants hired officers without any investigation, officers with a history of problems,

and officers who were incompetent. Key also repeatedly asserts that when Mott was hired

the individual defendants had actual knowledge that Mott had previously been terminated

from other law enforcement departments for, inter alia, 1) inappropriate contact with inmates; 2) requesting sexual favors from citizens in return for official assistance; and 3) sexual harassment of people under his control. However, Key fails to allege facts to show how the individual defendants knew of this prior conduct. Rather Key merely alleges that the individual defendants had actual knowledge of Mott's prior misconduct. This bare allegation is just another way of stating that the individual defendants had the requisite subjective knowledge of the risk of serious harm. "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557). Thus, the Court finds that Key's allegation of "actual knowledge" is conclusory and insufficient to state a claim for entitlement to relief.

This leaves the court with the allegation that prior to hiring Mott the individual defendants failed to conduct an adequate investigation in which Mott's misconduct would have been discovered. However, this also fails to state a claim upon which relief could be granted. Specifically, the deficiency is that failing to conduct an adequate investigation is not enough. The individual defendants must knowingly fail to conduct an adequate investigation and draw the inference that by doing so they are subjecting inmates to a risk of sexual assault. There are no facts to support such an allegation.

In Count Four of the Third Amended Complaint, Plaintiff asserts that the Defendants violated her constitutional rights through their custom, policy, or practice in the training and/or supervision of Mott (Doc. 112, ¶¶ 89-92). For the convenience of the

reader, the Court will set out the language of that Count:

89)  Key adopts and incorporates all preceding allegations and paragraphs as if set forth herein.

90)  The assault of Key occurred pursuant to the custom, policy or practice of the Town of Mount Vernon and the Individual Defendants as set forth in paragraphs 44 through 49 inclusive.

91)  Said custom, policy, or practice was the moving force behind the assault of Key.

92)  Key brings this claim against Town of Mount Vernon and all other defendants pursuant to 42 U.S.C. § 1983 based on the constitutional violations suffered by her pursuant to the custom policy and/or practice as set forth in paragraphs 44 through 49 inclusive.

(Doc. 112). The particular paragraphs referenced state as follows:

44)  All of this was in furtherance and pursuant to the policy and procedure of Mt. Vernon and the Individual Defendants to hire and the subsequent failure to train known incompetent who posed a risk of serious harm to those he encountered as referenced, infra and supra.

45)  Once hired on at the Town of Mount Vernon as a police officer, Mott received no training, despite his known incompetency.

46)  Once hired on at the Town of Mount Vernon as a police officer, Mott was not supervised by his superiors despite his known incompetency in general and with prisoners specifically.

47)  For instance, in addition to the history referred supra, Mott was believed by Defendants to be regularly engaging in intercourse with individuals, and drinking alcohol in his patrol car while on duty.

48)  Despite these suspicions, Defendants did not correct or confront Mott.

49)  No one attempted to correct or retrain or have Mott supervised despite this knowledge.

(Doc. 112).

The undersigned finds that Key has failed to show Defendants' deliberate indifference in the training or supervision of Mott. Though Plaintiff repeatedly refers to Mott's incompetence, as

previously explained she has failed to allege adequate facts to support that the Defendants, individually, knew of it. Key has also not shown a causal connection between the asserted lack of training/supervision and Mott's assault on her.

In summary, Key has failed to demonstrate a constitutional violation against these Defendants. As such, the Defendants' Motion to Dismiss (Doc. 116-17) is **GRANTED** and that the claims against them are dismissed.

DONE and ORDERED this 5th day of January 2015.


**s/Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**